WARNER, J.
The father appeals an order holding him in contempt for failure to pay child support. He argues that the court erred in denying his motion to vacate the order, which adopted findings and recommendations of the child support hearing officer, without first listening to the electronic recording of the entire proceedings before the hearing officer. As Taylor did not provide a transcript of proceedings in accordance with Florida Family Law Rule of Procedure 12.491(h) and challenges only the recommendations and not the findings of fact, we affirm.
The Department of Revenue, on behalf of the mother of Taylor’s child, moved for contempt for Taylor’s failure to pay child support. The matter was referred to a child support hearing officer who conducted an evidentiary hearing. After the conclusion of the hearing, the department submitted a proposed order to the hearing officer containing findings of fact and holding Taylor in civil contempt, providing a purge amount and incarceration if he failed to pay. Taylor’s counsel objected only as to the recommendation of incarceration for failure to pay the purge amount in the proposed order. He based his objection on the hearing officer’s failure to orally announce incarceration at the evidentiary hearing.
When the hearing officer filed her recommended order, it contained a provision for incarceration for failure to pay the purge amount. The trial court subsequently ratified and adopted the recommended order. Taylor timely filed a motion to vacate alleging again that the hearing officer had never orally pronounced the requirement of incarceration. He did not provide a transcript of the proceedings and maintained that the trial court was required to listen to the entire proceedings before ruling on his motion to vacate. The trial court denied the motion to vacate because no transcript was provided. Taylor appeals claiming that the court erred in denying the motion to vacate without listening to the entire proceedings before the hearing officer.
Florida Family Law Rule of Procedure 12.491, which governs child support enforcement, sets forth the procedure for seeking review of an order through a motion to vacate:
(h) Record. For the purpose of hearing on a motion to vacate, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review.
*1126 (1) The record shall consist of the court file, including the transcript of the proceedings before the hearing officer, if filed, and all depositions and evidence presented to the hearing officer.
(2) The transcript of all relevant proceedings shall be delivered to the judge and provided to opposing counsel not less than 48 hours before the hearing on the motion to vacate. If less than a full transcript of the proceedings taken before the hearing officer is ordered prepared by the moving party, that party shall promptly file a notice setting forth the portions of the transcript that have been ordered. The responding party shall be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the motion to vacate or cross-motion to vacate.
(8) The cost of the original and all copies of the transcript of the proceedings shall be borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript.
Taylor did not provide a transcript of proceedings. Instead he claims that the trial court was required to listen to the entire proceedings, completely ignoring his obligation to provide a transcript under the provisions of the rule.
Taylor relies substantially on Gregory v. Rice, 727 So.2d 251 (Fla.1999), in which the court addressed the method of judicial review a trial court should apply to recommended orders by child support enforcement hearing officers. It determined that a trial court must determine whether (1) the officer’s findings of fact support the recommendations; and (2) whether the recommendations are justified under the law. If a motion to vacate is filed, the court in dicta said: “Moreover, if a party moves to vacate the order as provided by the rule, the trial judge must review the entire record of the proceedings, including listening to the electronic recording of the proceedings if warranted.” Id. at 255. We say this is dicta because it does not appear that a motion to vacate was filed in Gregory. Furthermore, in Gregory a transcript of proceedings was provided, although it was incomplete. The court never said that listening to the entire electronic recording of the hearings before the child support enforcement officer constituted a record in substantial conformity to rule 12.491.
We do not interpret Gregory as doing away with rule 12.491(h) and the obligation to provide transcripts of the proceedings for the trial court to review. Requiring the trial court to listen to the entire proceedings every time a party files a motion to vacate an order accepting a hearing officer’s recommended order would be exceptionally time consuming and essentially negate the beneficial use of hearing officers to determine findings of fact. Therefore, we conclude that the trial court did not err in denying the motion to vacate for failure to provide a transcript.
Furthermore, there was no need for the trial court to listen to the proceedings to determine whether the hearing officer orally recommended incarceration if Taylor did not pay the purge amount. First, we know of no rule or case law which requires a hearing officer to orally pronounce its findings of facts and recommendations. A civil contempt proceeding is not a criminal sentencing process in which the criminal rules require oral pronouncement of the sentence. Secondly, under Gregory the trial court must determine whether the recommendations are justified *1127 under law based upon the hearing officer’s findings of fact. Since Taylor has not challenged the findings of fact, the trial court’s review of the recommendations is only to apply the law to the facts to determine whether the recommendations are justified. This the trial court did.
For these reasons, we affirm the trial court.
POLEN and HAZOURI, JJ., concur.